IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. BAUM, | CIVIL ACTION |
| Plaintiff, | No.: 2:16-cv-00623-JFC |
| v. | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, t/d/b/a METLIFE AUTO & HOME | |
| Defendant. | **JURY TRIAL DEMANDED** |

## MOTION FOR THE JOINDER OF PARTIES

Pursuant to Rule 19(a)(1) and/or Rule 20(a) of the Federal Rules of Civil Procedure, Defendant, Metropolitan Property and Casualty Insurance Company, t/d/b/a MetLife Auto & Home, by its undersigned counsel, hereby files this Motion for the Joinder of Parties and in support thereof avers the following:

### I. Procedural History

1. This case arises from Plaintiff, Barbara Baum's (Ms. Baum) claim for underinsured motorist (UIM) benefits under a policy of motor vehicle insurance that she maintained with Metropolitan Property and Casualty Insurance Company t/b/d/a MetLife Auto & Home (MetLife) as the result of a motor vehicle/pedestrian accident on January 31, 2014 that occurred in or near the pedestrian walkway in front of the Target located at the South Hills Village Mall.

2. Ms. Baum commenced this action by filing a Complaint against MetLife, in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket Number GD-16-006950 asserting two causes of action: Count I- Breach of Contract and Count II- Bad Faith. On May 16, 2016, MetLife filed a Notice of Removal with this Court. (ECF No. 1).

3.  On June 2, 2016, Ms. Baum filed an Amended Complaint, in which she once again asserted two causes of action: Count I- Breach of Contract and Count II- Bad Faith. (ECF No. 9).

4.  On October 3, 2016, MetLife filed its Answer and Affirmative Defenses to the Amended Complaint. (ECF No. 20), and as set forth in the Eighteenth Defense, MetLife asserted that Ms. Baum's claim are barred to the extent discovery reveals her alleged injuries/damages were caused by, *inter alia,* supervening, intervening and/or independent causes over which the alleged tortfeasor did not have control and/or responsibility and not in any manner whatsoever by the actions and/or inactions of the alleged tortfeasor.

5.  For the following reasons and the reasons set forth in the Brief in Support, MetLife respectfully requests that this Honorable Court Order the joinder of: Simon Property Group, Inc.; South Hills Village Associates, L.P.; and the Target Corporation (collectively, the Required Parties) as necessary parties to determine the rights and obligations of Ms. Baum and MetLife, or in the alternative, allow the jury to consider the Required Parties' negligence when apportioning liability.

## II.  Background

6.  Pursuant to the MetLife Policy, to recover UIM benefits Ms. Baum must prove the amount she is "legally entitled" to recover from the owner or operator of an underinsured motor vehicle. (A true and correct copy of the UIM Endorsement AE41PA 0513 is attached to the Brief in Support as **Exhibit "A"**.)

7.  Prior to deposing Ms. Baum, an investigation of the parking lot layout where the at-issue accident occurred revealed a paved pathway leading from the parking area designated for handicapped parking to a pedestrian walkway at the entrance/exit of the Target.

8.  During her deposition, Ms. Baum testified that she would normally take the pathway, that she was "protected" in the pathway, and most importantly, that she did not take the

pathway on the day of the at-issue accident because snow had accumulated in it, blocking her use of the same.

9. After Ms. Baum's deposition, her counsel provided video footage of the accident from Target's surveillance system.

10. After reviewing the video footage, an accident reconstructionist is in position to offer an opinion that the at-issue accident would not have occurred and no subsequent accident would have occurred had the pathway been properly maintained and/or inspected.

11. Subsequently, MetLife undertook by subpoena steps to obtain information regarding who had a duty to maintain and/or inspect the pathway, MetLife is now in position to request the joinder of the Required Parties as some of the responsible entities.

### III. Legal Argument

**A. Pursuant to the MetLife Policy Plaintiff Barbara Baum is only owed UIM benefits to the extent that she is legally entitled to recover from the operator of a underinsured motorvehicle and if she files a lawsuit against MetLife for said benefits then MetLife can require the joinder of other responsible parties.**

12. The purpose of UIM coverage is to protect the insured from the risk that a negligent driver of another vehicle will cause injury to the insured and will have inadequate liability coverage to compensate for the injuries caused by his negligence, but the burden is on the insured to establish coverage under an insurance policy.

13. Pursuant to the terms of the UIM coverage in the MetLife Policy, MetLife owes Ms. Baum UIM benefits under the following terms:

> **We** will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** for **BI**:
>     **A.** sustained by an **insured**; and
>     **B.** caused by an accident arising out of owning, maintaining, or use of an **underinsured vehicle.**

(See **Exhibit "A"** UIM Endorsement AE41PA 0513, Pg. 1.)(bolding in the original).

14. Also, pursuant to the terms of the UIM coverage in the MetLife Policy, MetLife may require Ms. Baum to join responsible parties as Defendants. Specifically, the terms are as follows:

> **We** may require the **insured** to take appropriate action to preserve the **insured's** right to recover damages from any other person responsible for the accident or **BI**. In any lawsuit filed against **us, we** may require the **insured** to join the responsible person as a defendant.

(See **Exhibit "A"** UIM Endorsement AE41PA 0513, Pg. 3. attached to the Brief in Support)(bolding in the original).

15. Ms. Baum's testimony regarding previously unknown facts and circumstances now gives rise to liability on the part of the Required Parties.

16. Under Pennsylvania law 42 Pa.C.S. § 7102 (The Fair Share Act), a liable party is only responsible for his or her ratio of liability.

17. Therefore, in order for a jury to determine the rights and obligations of the parties, a jury has to apportion liability among all potential tortfeasor, including the Required Parties.

18. Pursuant to Fed. R. Civ. P. 19(a), this Court has authority to join and/or compel Plaintiff to join the Required Parties, because the Required Parties are subject to the service of process and will not deprive this Court of subject-matter jurisdiction. Further, complete relief cannot be granted without the required parties' joinder.

19. Pursuant to Fed. R. Civ. P. 19(c)(2), the reasons the Required Parties were not joined by MetLife are that it has no direct cause of action against them and it had no knowledge of their negligence until Ms. Baum's deposition.

20. In the alternative to joinder under Fed. R. Civ. P. 19, MetLife requests this Honorable Court join the Required Parties as Defendants under Fed. R. Civ. P. 20, because Ms. Baum and MetLife's right to relief necessitates the Required Parties joinder and there joinder will deal with common questions of law and fact.

21.     As set forth in this Motion and the Brief in Support, pursuant to the terms of the Policy relating to UIM benefits, MetLife can require Ms. Baum to join the Required Parties.

WHEREFORE, for all of the foregoing reasons and the reasons stated in the accompanying Brief in Support, Defendant, Metropolitan Property and Casualty Insurance Company t/b/d/a MetLife Auto & Home respectfully requests this Honorable Court Order the Joinder of Simon Property Group, Inc., South Hills Village Associates, L.P., and Target Corporation, as Defendants in this matter.

Respectfully submitted,

ROBB LEONARD MULVIHILL LLP

Date: Friday, May 12, 2017

/s/ *R. Sean O'Connell*
R. Sean O'Connell, Esquire
PA I.D. #79428
Craig W. Beil, Esquire
PA I.D. #311927
500 Grant Street
BNY Mellon Center, Suite 2300
Pittsburgh, PA 15219
Phone: (412) 281-5431
Email: soconnell@rlmlawfirm.com