IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA A. BAUM, | ) | |
| Plaintiff, | ) ) ) | 2:16-CV-00623-JFC |
| vs. | ) ) ) | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant, | | |

MEMORANDUM ORDER

Defendant Metropolitan Property and Casualty Insurance Company ("Met Life") filed a motion for required or permissive joinder of several parties in this case arising from a pedestrian-vehicle accident at South Hills Village Mall (ECF No. 38). As explained in the supporting brief (ECF No. 39), Met Life contends that Simon Property Group, Inc., South Hills Village Associates, L.P., and Target Corporation may be partially responsible for the accident because they did not remove snow from a pedestrian walkway. Plaintiff Barbara A. Baum ("Baum") has not yet filed a response.

Baum originally filed this case in the Court of Common Pleas of Allegheny County, Pennsylvania. It was removed to this court based on diversity of citizenship jurisdiction. Met Life asserts that the addition of the new parties will not destroy subject-matter jurisdiction. The averments contained in the motion and brief, however, are insufficient to establish complete diversity of citizenship. Federal courts have a non-delegable duty to verify their authority to hear a dispute at all stages of the case.

One of the parties that Met Life seeks to join, South Hills Village Associates, L.P., is a limited partnership. Met Life states that South Hills Village Associates, L.P., is a Delaware partnership with a registered office in Pennsylvania and doing business in Pennsylvania. As

explained in *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." The citizenship of each of the members of South Hills Village Associates, L.P., has not been provided. If South Hills Village Associates, L.P., is a Pennsylvania citizen for jurisdictional purposes, this court's options would be limited. It may (1) deny joinder; or (2) permit joinder and remand the action to the state court. *See* 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (post-removal joinder of non-diverse defendants "destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable").

Accordingly, on or before May 30, 2017, Met Life shall file an affidavit or otherwise submit evidence of record sufficient to demonstrate the citizenship of South Hills Village Associates, L.P.

SO ORDERED this 16th day of May, 2017.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge