# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA A. BAUM,** | CIVIL ACTION NO. 2:16-CV-623 |
| Plaintiff | |
| v. | (Chief Judge Conner) |
| **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, t/d/b/a METLIFE AUTO & HOME,** | |
| Defendant | |

## ORDER

AND NOW, this 26th day of July, 2018, upon consideration of the motion (Doc. 81) for reconsideration filed by defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan"), wherein Metropolitan seeks reconsideration of the court's memorandum and order (Docs. 69, 70) of January 11, 2018, denying Metropolitan's request to submit three nonparties to the jury as joint tortfeasors on the verdict form, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l

Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Metropolitan bases its motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned, and neither identifies nor substantiates a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that Metropolitan's motion (Doc. 81) for reconsideration of the memorandum and order (Docs. 69, 70) dated January 11, 2018 is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania